UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN E. CONNELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00590-TWP-MJD |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

**I.**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)).

Having considered the pleadings and the expanded record in the present action, and being duly advised, the Court finds that petitioner Brian Connell has not met this burden as to his challenge to a disciplinary proceeding identified as No. ISR 15-08-0088. This conclusion rests on the following facts and circumstances:

1. On August 25, 2015, Connell was charged in No. ISR 15-08-0088 with Assault/ Battery. The written charge recited that at 8:15 p.m on August 23, 2015 Connell assaulted inmate Robert White at the Plainfield Correctional Facility.

2. The Report of Conduct states:

On 08/25/2015, Lt. S. Watson contacted me, Investigator D. Wilson, and informed me of a possible assault that took place on 08/23/2015. I reviewed video footage

and observed Offender Brian Connell #890436 choke Offender Robert White. Offender Connell then grabs Offender White's leg and twists it.

3. On August 27, 2015, Connell was notified of this charge on and was notified of his procedural rights in connection with the matter. A hearing on the charge was conducted on September 1, 2015. Connell was present at that hearing and made a statement concerning the charge. His statement was this: "I can't choke him he don't got a neck." The hearing officer considered this statement and other evidence, including the conduct report, a report of investigation, and a video, and found Connell guilty of the charged misconduct. Sanctions were imposed. This action followed.

4. An Indiana prisoner must be afforded procedural due process before being deprived of good-time credits or demoted in credit class. *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001). The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570–71 (1974).

5. Applying the requirements of *Wolff* and *Hill* as an analytical template, entitles Connell received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Connell was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed.

6. Connell's claims that he was denied the protections afforded by *Wolff* and *Hill* are without merit.

a. Connell claims that he was not properly "screened" on the charge. *Wolff* requires adequate notice, and adequate notice gives the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact. 418 U.S. at 564. Adequate notice need only include "the number of the rule violated . . . and a summary of the facts underlying the charge." *Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir. 1995) (per curiam). Measured against this standard, the notice given to Connell through the conduct report was entirely adequate to inform him that he faced the charge of Assault/Battery and that the basis of the charge was his repeated striking of inmate Robert White at 8:15 on August 23, 2015. This is shown by the expanded record and Connell's contention otherwise is meritless.

b. Connell argues that he was not provided with the lay advocate he had identified as his choice for performing that role at the disciplinary proceeding. He was offered an inmate advocate, but declined. These circumstances did not violate Connell's due process rights. *Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008)("due process does not require that prisons appoint a lay advocate for a disciplinary hearing unless 'an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'") (quoting *Wolff,* 418 U.S. at 570).

c. Connell claims that he was denied evidence when prison authorities rejected his demand for Robert White's written statement lacks merit. This is because due process in this context did not entitle him to confront and cross-examine adverse witnesses. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003); *Brown-Bey v. United States,* 720 F.2d 467, 469 (7th Cir. 1983) ("Confrontation and cross-examination of witnesses in the context of a prison disciplinary proceeding are matters left to the sound discretion of prison officials.").

d. Connell challenges the sufficiency of the evidence. In this setting, evidence is constitutionally sufficient if it "point[s] to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), and that the decision "not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). As has been explained, however, the evidence certainly pointed to Connell's guilt. *See Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Although Connell denies that he committed the assault, the hearing officer was entitled to conclude otherwise. The evidence in No. ISR 15-08-0088 was constitutionally sufficient.

7. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action,

and there was no constitutional infirmity in the proceeding which entitles Connell to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **DENIED**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 10/3/2016

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

BRIAN E. CONNELL
890436
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only